STATE EX REL. SCOTT *v.* CITY OF INDIANAPOLIS ET AL.

[No. 27,958. Filed April 19, 1944.]

Russell J. Dean and Robert L. Carrico, both of Indianapolis, for appellant.

Sidney S. Miller, Arch N. Bobbitt, and Henry B. Krug, all of Indianapolis, for appellees.

FANSLER, C. J.—In 1940 the relator was a captain in the Indianapolis Fire Department. In the latter part of June of that year he was indicted for embezzling funds of the Firemen's Credit Fund. He was arrested and gave bond, and was immediately, on the 29th of June, suspended as an active fireman by the chief of the fire department. Thereafter, on the 8th day of July, there was a meeting of the fire department trial board in the office of the chief of the fire department. The relator was notified that at that meeting he had been suspended by the trial board "under Charges of Conduct unbecoming a Fireman. Upon the unanimous adoption of a motion said Board recommended that judgment be withheld pending the outcome of their trial in Criminal Court under charges of embezzlement." After notice of these suspensions he talked with the chief of the fire department, who told him he could not go back to work until after the trial on the indictment. He made no effort to go back to work and made no protest to any one about his suspension. He went to the fire house on numerous occasions and worked with auditors on the books. He had four separate jury trials on the charge of embezzlement. He testified that the actual time spent in court was about twelve weeks; that he spent much time with his attorneys at their offices. He was acquitted in March, 1943, after which he immediately went to the chief of the fire department and said he would like to have his suspension lifted so that he could go back to work. The chief told him that the trial board would

call a meeting and act upon his application for reinstatement. The application was approved by the trial board and the board of safety and he was reinstated, reduced, however, in rank from captain to first-grade private. This action is to recover the salary to which he would have been entitled as an active member of the force during the time he was under suspension. There was a trial by the court and a finding and judgment for the defendants. A motion for a new trial was overruled, and it is asserted here that the finding of the court is not sustained by sufficient evidence and is contrary to law.

Section 48-6140, Burns' 1933 (Supp.), § 11851-5, Baldwin's Supp. 1934, provides for the appointment, in cities of the first class, of a trial board consisting of the chief and four subordinate chiefs of the fire department, with power to try charges preferred against members of the department. It provides that all charges shall be made in writing and a copy furnished the member against whom the charges are preferred; that the chief shall fix the time for hearing charges and give notice; that after hearing charges the trial board shall make a finding in writing; that upon a finding that the member against whom the charges are preferred is guilty of neglect of duty, or of violation of rules of the department, or disobedience of orders, or absence from duty without leave, or immoral conduct, or conduct unbecoming an officer, or any other breach of discipline, the board shall have the power to order charges to be filed against the member before the board of public safety, or to punish the offending member by reprimand, suspension from duty without pay for a period not to exceed thirty days, or by a fine not to exceed thirty days' pay. There is provision for an appeal from the decision of the

trial board to the board of public safety, and a hearing before the board. The same section authorizes the chief to suspend from duty for not to exceed ten days.

The appellant contends that the evidence shows that he was discharged, or suspended, or removed from the fire force without notice as to the time and place of hearing, and without being given opportunity for hearing, and that he was never convicted of a crime in any court or guilty of any act unbecoming a fireman.

It is clear that the relator knew that he had been suspended because he had been indicted for embezzling the funds of the Firemen's Credit Fund, and that, while the trial board continued the suspension, it decided to withhold judgment upon the charge of conduct unbecoming a fireman pending the outcome of his trial in criminal court. In the criminal court the State had the burden of establishing his guilt beyond a reasonable doubt, but at the hearing before the trial board or the board of public safety it was only necessary that a majority of the board conclude that he was guilty of misappropriating the funds upon a preponderance of the evidence. With notice of the trial board's willingness to postpone judgment until after his criminal trial, he took no steps toward procuring an immediate trial by the trial board or the board of public safety, but acquiesced in the suspension, and confined his efforts toward exoneration to arranging his defense on the criminal charge. He did not insist upon or seek reinstatement to active duty until after his acquittal on the criminal charge, and then, upon his petition, he was promptly reinstated though reduced in rank. He may have concluded that it was to his advantage to remain a member of the force under suspension pending the outcome of his criminal trial rather than to have an immediate trial before the trial board, which might

have recommended his discharge by the board of public safety, in which event, if he were discharged by the board of public safety, and there was substantial evidence to sustain its finding, he might never have been reinstated, notwithstanding his subsequent acquittal by the jury in the criminal court. In any event he clearly acquiesced in his suspension until the determination of the action in the criminal court. *Rees* v. *City of Muncie* (1933), 95 Ind. App. 480, 179 N. E. 668. He says now that the finding of the trial court in this case is contrary to law because "the evidence shows the appellant was not convicted of any crime or guilty of any act of conduct unbecoming a city fireman." But that was not the question to be determined by the trial court in this case. When he was notified of the willingness of the trial board to withhold judgment on the question until the outcome of the trial in his criminal case, he seems to have been willing, since he made no protest and did not ask for an immediate trial. As suggested above, he may have seen an advantage in this, and therefore chose to acquiesce rather than seek an immediate vindication from his fellow members of the fire force. It cannot be said that the evidence is insufficient to support such an inference upon the part of the trial court.

Judgment affirmed.

NOTE.—Reported in 54 N. E. (2d) 102.